# IN THE COURT OF APPEALS OF IOWA

No. 19-1225
Filed November 6, 2019

IN THE INTEREST OF A.M.,
Minor Child,

C.M., Father,
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Dickinson County, David C. Larson,
District Associate Judge.

　　　A father appeals the juvenile court order terminating his parental rights.
**AFFIRMED.**

　　　Michael H. Johnson, Spirit Lake, for appellant father.

　　　Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)
and Mary A. Triick, Assistant Attorneys General, for appellee State.

　　　Pamela Wingert of Wingert Law Office, Spirit Lake, attorney and guardian
ad litem for minor child.

　　　Considered by Potterfield, P.J., Greer, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. We conclude the father waived his claim the State did not engage in reasonable efforts to reunite him with the child, there is sufficient evidence in the record to support termination, the juvenile court properly denied the father's request for additional time, and termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

C.M., father, and P.D., mother, are the parents of A.M., born in 2017. The child tested positive for marijuana at birth, and both parents admitted marijuana use. On July 5, 2017, the juvenile court adjudicated the child to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(a), (c)(2), and (n) (2017). The parents voluntarily placed the child with the maternal great-grandmother in August based on the father's continued use of alcohol and an arrest for third-degree assault.

In April 2018, Iowa Department of Human Services (DHS) temporarily placed the child in the father's care. The father completed a substance-abuse treatment program in May. After this, the mother reported seeing the father drink beer. On June 5, while the children were in his custody in his apartment, the father decided to clean a sawed-off shotgun after taking an Ambien and drinking alcohol. The gun accidentally discharged near a portable crib in the father's bedroom. Although he previously admitted to a neighbor that he was drinking prior to the gunshot, he now denies drinking and claims the neighbor misunderstood him. Nevertheless, the father admits using prescription Ambien prior to discharging the

weapon, and it is undisputed he was prohibited from having guns in the home due to prior convictions for domestic abuse. The juvenile court returned the child to the care of the maternal great-grandmother.

The father's landlord evicted him from his apartment after the gunshot incident. Police charged the father with public intoxication on June 15. The father moved to his current apartment on June 20. There was a hole in the ceiling in the bathroom. The apartment was unsuitable for visitation until the ceiling was repaired shortly before the termination hearing.

On November 6, the State filed a petition seeking to terminate the parents' rights. The father had a new substance-abuse evaluation, which recommended follow-up treatment. The father contacted a counselor, who did not return his call, and the father did not do any more to seek treatment. He attended a few AA or NA meetings.

The juvenile court terminated the father's parental rights under section 232.116(1)(h) (2018).[1] The court found the child could not be safely returned to the father's care on a long-term basis. The court determined the State had engaged in reasonable efforts to reunite the child with the father. The court concluded termination of the father's parental rights was in the child's best interests based on the child's need for permanency. Additionally, the court concluded none of the statutory exceptions to termination should be applied. Furthermore, the court denied the father's request for additional time. The father appeals the termination of his parental rights.

---

[1] The mother's parental rights were also terminated. She did not appeal.

## II.    Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Reasonable Efforts

The father claims the State did not make reasonable efforts to reunite him with his child. The father asserts the State should have increased his visitation. He testified that he asked social workers to have overnight visits in his home.

"[W]here the elements of termination require reasonable efforts by DHS, the scope of DHS's efforts after removal impacts the burden of proving those elements." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019). "Thus, '[t]he State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent.'" *Id.* (alteration in original) (citation omitted). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (citation omitted).

A parent must raise a challenge to the services offered by the State prior to the termination hearing, or the challenge is waived. *In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015). "Complaints regarding services are properly raised 'at removal, when the case permanency plan is entered, or at later review hearings.'"

*Id.* (quoting *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002)). Additionally, "voicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge." *C.H.*, 652 N.W.2d at 148. The father did not testify he had alerted the juvenile court to his request for increased visitation. The father did not file a motion for reasonable efforts or any similar request regarding visitation during the CINA proceedings.

Furthermore, even if the father had properly challenged the reasonableness of the State's efforts to reunite him with his child, we conclude the efforts made were reasonable based on the circumstances of the case. *See In re S.J.*, 620 N.W.2d 522, 525 (Iowa 2000) ("[W]e conclude the department must assess the nature of its reasonable efforts obligation based on the circumstances of each case."). The trial home placement in the father's home was unsuccessful. After the shooting incident, the father was evicted from his apartment and his new residence was not suitable for visitation until shortly before the termination hearing.

### IV.     Sufficiency of the Evidence

The father asserts there is not sufficient evidence in the record to warrant termination of his parental rights. He first claims the child was not removed from his home for the requisite period of time under section 232.116(1)(h)(3). Section 232.116(1)(h)(3) applies when "the child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, *or* for the last six consecutive months and any trial period at home has been less than thirty days." (Emphasis added). We have previously stated, "Given the presence of a comma in the statute before the word 'or,' we think it is reasonable to conclude that the subsequent language 'and any trial period at home has been less than

thirty days' applies to and qualifies only the language *after* the comma." *In re D.M.J.*, 780 N.W.2d 243, 246 (Iowa Ct. App. 2010). The child was out of the father's care for at least six of the twelve months before the termination hearing, and we conclude the provision in section 232.116(1)(h)(3) has been satisfied.

The father also claims there is not clear and convincing evidence in the record to show the child could not be returned to his care under section 232.116(1)(h)(4). The child was temporarily placed in the father's care but while under the influence of Ambien, and perhaps alcohol, the father accidentally discharged a sawed-off shotgun, and the shot entered the wall near the crib. The father was not supposed to have any firearms because of his previous domestic abuse charges. The father admitted the incident was a mistake and presented a serious risk to the child. After the incident, the father had a new substance-abuse evaluation but did not follow up on getting treatment. He stated he knew the DHS safety plan provided he was not supposed to drink alcohol, but he also stated he thought it was fine to drink occasionally.

We conclude the child could not be safely returned to the father's care. The father has not successfully addressed his substance-abuse problems. His failure to provide a safe residence in the past is predictive that he will fail to do so in the future.

### V. Extension of Time

The father contends the juvenile court should have given him additional time to work on reunification with the child. He claims the child could be returned to his care within a reasonable period of time. Under section 232.117(5), the juvenile court may order an extension of time under section 232.104 as an alternative to

terminating parental rights.  A six-month extension may be granted based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).  The juvenile court determined, "the time for continuing with reunification efforts has come to an end."  We agree with the court's conclusion the child needed permanency and it was not in the child's best interests to further extend this case.

## VI.    Best Interests

The father contends it is not in the child's best interests to terminate his parental rights.  In considering the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id*. at 41.  The father has not taken the steps needed to be in a position to meet the child's needs.  The child needs a stable and permanent placement.  We determine that termination of the father's parental rights is in the child's best interests.

We affirm the decision of the juvenile court.

**AFFIRMED.**